BARRETT S. LITT, SBN 45527
PAUL J. ESTUAR, SBN 167764
REBECCA J SOBIE, SBN 179562
E-Mail: rsobie@littlaw.com
LITT, ESTUAR, HARRISON, & KITSON, LLP
1055 Wilshire Boulevard, Suite 1880
Los Angeles, California 90017
Telephone: (213) 386-3114
Facsimile: (213) 380-4585

Attorneys for Plaintiffs

```
                FILED
       CLERK, U.S. DISTRICT COURT

            JAN 23 2008

       CENTRAL DISTRICT OF CALIFORNIA
       BY                        DEPUTY
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL RHODES, et al., | Case No. CV07-7234 DSF (Ex) |
| Plaintiffs, | [Honorable DALE S. FISCHER] |
| vs. | CONFIDENTIALITY AND PROTECTIVE ORDER REGARDING CERTAIN DISCOVERY MATERIALS |
| DONALD STERLING, et al., | |
| Defendants. | |

This matter came before the Court on the submission of a stipulated confidentiality and protective order. After reviewing the submission and finding good cause, this Court hereby enters the following **ORDER**:

The parties have stipulated that discovery in this case will involve the exchange of sensitive materials, including financial information and other information of a private nature. The parties intend that this information be kept confidential pursuant to the terms of this Confidentiality and Protective Order. The parties, therefore, agree as follows:

1. Any party involved in this litigation, or counsel for such party may designate as "CONFIDENTIAL" any document, testimony or information or material disclosed, or to be disclosed through formal or informal discovery or

1

1  otherwise in the course of this litigation if the document, testimony, information or
2  material is of a private, sensitive or personal nature, including financial
3  information. Such designation shall be made in the manner hereinafter set forth.
4  Such designation shall, without more, subject the information produced or
5  provided under said designation to the provisions of this Confidentiality and
6  Protective Order.
7     2.   The parties must have a good-faith basis in fact and law that the material is
8  confidential to designate it as such. For example, the parties will not designate any
9  publicly available material as "CONFIDENTIAL." Material may be designated as
10 "CONFIDENTIAL" by stamping the words "CONFIDENTIAL-SUBJECT TO
11 PROTECTIVE ORDER" on the face of the writing, document or other
12 information.
13    3.   Any party, or counsel for such party, may designate deposition testimony
14 or any portion of deposition testimony as "CONFIDENTIAL" by advising the
15 court reporter and counsel (or party) of such designation during the course of the
16 deposition. Those portions are to be marked as such by the court reporter and are
17 also to bear substantially the following designation: "Portions of this deposition
18 were taken subject to the Confidentiality and Protective Order. These portions
19 shall remain confidential and shall be treated according to the requirements of the
20 Confidentiality and Protective Order." Whenever any writing designated as
21 "CONFIDENTIAL" is identified as an exhibit in connection with testimony given
22 in this litigation, it shall be so marked and it shall be subject to all of the
23 requirements of the Confidentiality and Protective Order.
24    4.   Any party to this litigation, or counsel for such party may designate as
25 "CONFIDENTIAL" its responses to interrogatories by labeling each response
26 "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER."
27 ///
28

5. "CONFIDENTIAL" material includes all material designated "CONFIDENTIAL," pursuant to the terms of this Order, as well as summaries and compilations derived from such confidential materials, including, but not limited to charts, tables, graphs and models. If non-confidential information is contained in or otherwise derived from "CONFIDENTIAL" materials, it is not "CONFIDENTIAL" for purposes of this Order.

6. Except upon prior written consent of the party or counsel for the party asserting "CONFIDENTIAL" treatment or upon further order of this Court, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strictest confidence and shall be kept securely.

7. Except as provided for herein, access to "CONFIDENTIAL" documents, testimony, information or materials, as well as written or oral summaries or accounts thereof shall be limited to:

    A. The Court and officers of the Court, provided that

        i. If "CONFIDENITIAL" documents, testimony, information or materials are attached to any filings or submissions to this Court, such attachments shall be filed under seal; and

        ii. If "CONDIFENTIAL" testimony or information is contained in the body of any filings or submissions to this Court (e.g., if "CONFIDENTIAL" documents, testimony or materials are directly quoted or summarized), the entire filing or submission shall be made under seal.

    B. Counsel for the Plaintiffs in this and the related matters, including attorneys, paralegals, administrative staff, and other employees or contractors.

///
///

    C. The Defendants, as well as Counsel and/or Representatives of the Defendants and employees of said counsel and/or representative who are assisting in the defense of this litigation.

    D. Witnesses or potential witnesses (and their counsel) in preparation for or during the course of depositions, hearings, interviews or trial in this action; experts and consultants (including independent experts and consultants and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation, as well as any mediator used to attempt resolution of this litigation.

    E. Court reporters and their assistants and administrative staff.

8.   Except as provided for herein, no person having access to "CONFIDENTIAL" documents, testimony, information or materials designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall make public disclosures of those materials of that information without further order of this Court.

9.   No party (including any individuals mentioned in 7(B)-(C) shall, for itself or any other person acting on its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this litigation.

10.   Documents, testimony, information or materials marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall not be disclosed to any expert or consultant unless such expert or consultant executes the following Written Assurance or a substantially similar written assurance before such disclosure is made.

///

## WRITTEN ASSURANCE

I, (name of individual), have read and fully understand the Confidentiality and Protective Order filed on _____, 2008, in the action entitled *Darrell Rhodes, et al. v. Donald Sterling, et al.,* in the United States District Court for the Central District of California. I am familiar with and agree to comply with and be bound by the provisions of said Order and submit myself to the jurisdiction of the United States District Court for the Central District of California for any proceedings with respect to said Confidentiality and Protective Order. I will not divulge to persons other than those specifically authorized by said Order, or copy or use, except solely for the purposes of this action, any material or information obtained pursuant to said Order except as specifically permitted by the Court.

Dated: _____     _____

                (Signature)
                (Address)
                (Telephone number)

Copies of all such executed Written Assurances shall be promptly sent to counsel or representative for that party.

11. If any party, or such party's counsel or representative, objects to the designation of any document, testimony, information, or material as "CONFIDENTIAL," the parties shall meet and confer in an effort to resolve any such dispute within fifteen (15) working days of receipt of this objection. If the parties are unable to resolve such dispute, the party designating the material as "CONFIDENTIAL" may bring a motion to have the contested information declared "CONFIDENTIAL."

12. This Confidentiality and Protective Order shall remain in full force and effect until such time as any other Order affecting this Confidentiality and Protective Order is entered by the Court. At the Final Pretrial Conference, the

5

parties shall submit a proposal to the Court for handling the "CONFIDENTIAL" materials during the course of trial.

13. Upon conclusion of this action, including any subsequent appeals, all originals and copies of "CONFIDENTIAL" documents, testimony, information, or material (and all summaries thereof) shall be returned to the producing party of the producing party's counsel or representative or destroyed, unless otherwise ordered by the Court for good cause shown, the return or destruction of such materials is prohibited by law, or the document has been filed with the Court or used as an exhibit.

14. Any Party may petition this Court concerning a violation of this Order, requesting any available remedies, including, but not limited to, contempt proceedings.

15. Entering into, agreeing to and/or complying with the terms of this Confidentiality and Protective Order shall not:

    (a) operate as an admission that any particular discovery material constitutes, contains or contains or reflects confidential matter;

    (b) prejudice in any way the rights of any party to object to the production of documents or information it considers not subject to discovery, or to seek a Court determination whether particular discovery materials should be produced;

    (c) prejudice a party from seeking modification of this Confidentiality and Protective Order by stipulation or by application to the Court by noticed motion;

    (d) prejudice a party from seeking further protection of any confidential information by stipulation, by application to the Court by noticed motion, or by the Court's Trial Order in this case; and

///

(e) affect the obligations of any party or person to comply with the terms of any compulsory process.

17. This Confidentiality and Protective Order may be modified by agreement of the parties, subject to approval of the Court.

18. This Confidentiality and Protective Order may be modified, changed, or altered by the Court at any time.

IT IS SO STIPULATED

Dated: January 22, 2008

Respectfully Submitted,

LITT, ESTUAR, HARRISON & KITSON, LLP

By _____
Rebecca J Sobie
Attorneys for Plaintiffs

Dated: January 21, 2008

Respectfully Submitted,

KLINEDINST PC

By _____
Gregory A. Garbacz
Attorneys for Defendants

IT IS SO ORDERED.

1/23/08
Dated

_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

7