JS 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
        Plaintiff,

v.

DONALD STERLING, individually, in his capacity as trustee for the Sterling Family Trust, and doing business as Beverly Hills Properties; ROCHELLE STERLING, individually and in her capacity as trustee for the Sterling Family Trust; STERLING FAMILY TRUST; and THE KOREAN LAND COMPANY, L.L.C.,
        Defendants.

**CONSENT ORDER**

Case Nos.:  06-4885 DSF (Ex);
            06-7442 DSF (Ex); and
            07-7234 DSF (Ex)

Judge:  Hon. Dale S. Fischer
        United States District
        Judge
        (Courtroom 840)

1  KEVIN TYRRELL; KAREN HARRIS-
2  TYRRELL; A.H.T., minor, and E.H.T.,
   minor, each by their guardian ad litem
3  KAREN HARRIS-TYRRELL,
4          Plaintiffs,
5  v.
6  DONALD STERLING, individually, in
7  his capacity as trustee for the Sterling
   Family Trust, and doing business as
8  Beverly Hills Properties; ROCHELLE
9  STERLING, individually and in her
   capacity as trustee for the Sterling
10  Family Trust; STERLING FAMILY
11  TRUST; and THE KOREAN LAND
   COMPANY, L.L.C.,
12          Defendants.

13  DARRELL RHODES; MARY
14  RHODES; J.R., minor, M.R., minor,
   and D.R., minor, each by their guardian
15  ad litem DARRELL RHODES,
16          Plaintiffs,
17  v.
18  DONALD STERLING, individually, in
19  his capacity as trustee for the Sterling
   Family Trust, and doing business as
20  Beverly Hills Properties; ROCHELLE
21  STERLING, individually and in her
   capacity as trustee for the Sterling
22  Family Trust; STERLING FAMILY
23  TRUST; and THE KOREAN LAND
   COMPANY, L.L.C., and DOES 1
24  THROUGH 10,
25          Defendants.

26
27
28

2

# I.    INTRODUCTION

1.    The United States filed its complaint against Defendants ("Defendants") on August 7, 2006, alleging violations of the Fair Housing Act ("FHA"), Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendment Act of 1988, 42 U.S.C. §§ 3601 et seq. (the "U.S. Action").

2.    Kevin Tyrrell, Karen Harris-Tyrrell, and A.H.T., minor, and E.H.T., minor, each by their guardian ad litem Karen Harris-Tyrrell (collectively, "Tyrrells"), filed their complaint on November 27, 2006, alleging violations of the Fair Housing Act ("FHA"), Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendment Act of 1988, 42 U.S.C. §§ 3601 et seq., the Civil Rights Action of 1866, 42 U.S.C. § 1982, California Fair Employment and Housing Act, California Government Code § 12955, et seq., California Unruh Civil Rights Act, California Civil Code § 51, et seq., California Business and Professions Code § 17200, California Code of Civil Procedure §§ 1159 and 1160, Los Angeles Municipal Code §§ 151.04, 151.09, 151.10 and 161.1201, California Civil Code §§ 44-46, 789.3, 827, 1499, 1512, 1927, 1940.2, 1941.1, 1942.4, 1924.5, 1942.6, 1947.11, 1927, and 1954, California Health and Safety Code § 17900, et seq., and California Constitution, art. I, §2(a) (the "Tyrrell Action").

3.    Darrell Rhodes, Mary Rhodes, and J.R., minor, M.R., minor, and D.R., minor, each by their guardian ad litem Darrell Rhodes (collectively, "Rhodes"), filed their complaint on November 2, 2007, alleging violations of the Fair Housing Act ("FHA"), Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendment Act of 1988, 42 U.S.C. §§ 3601 et seq., the Civil Rights Action of 1866, 42 U.S.C. § 1982, California Fair Employment and Housing Act, California Government Code § 12955, et seq., California Unruh Civil Rights Act, California Civil Code § 51, et seq., California Business and Professions Code § 17200, California Code of Civil Procedure §§ 1159 and 1160, Los Angeles Municipal Code §§ 151.04, 151.09, 151.10 and 161.1201, California Civil Code

3

§§ 44-46, 789.3, 827, 1499, 1512, 1927, 1940.2, 1941.1, 1942.4, 1924.5, 1942.6, 1947.11, 1927, and 1954, California Health and Safety Code § 17900, et seq., California Penal Code § 484(a), and California Constitution, art. I, §§ 1 and 2(a) (the "Rhodes Action").

4.    The U.S. Action, the Tyrrell Action, and the Rhodes Action shall hereinafter be referred collectively as "the Actions".  The Actions were consolidated for discovery by this Court. The Court hereby consolidates the Actions for the purpose of entering and enforcing this Consent Order.

5.    Defendants, and each of them, deny violating the FHA or engaging in any wrongful conduct of any type or nature as alleged in the Actions.  Defendants, and each of them, further deny discriminating against any tenant or prospective tenant on the basis of race, color, national origin or familial status.  This Consent Order is a compromise of disputed claims, and is not to be construed as an admission of liability on the part of Defendants, by whom liability is expressly denied.

6.    At all times relevant to this case, the Defendants owned and/or managed multi-family residential rental properties located in Los Angeles County, California.

7.    The Parties desire to fully and finally settle the Actions to avoid costly and protracted litigation and agree that the claims against Defendants should be settled as set forth in this Consent Order without incurring the time and expense of further litigation.  Therefore, without any admission of any liability or any wrongdoing, the Parties have agreed to the entry of this Consent Order.

THEREFORE, IT IS HEREBY ORDERED:

**II.    JURISDICTION AND SCOPE**

8.    The Court has subject matter jurisdiction over the claims in the Actions pursuant to 28 U.S.C. §§ 1331, 1345 and 42 U.S.C. § 3614(a).

9.    The provisions of this Consent Order shall be binding on Defendants, their heirs, successors and assigns, and their agents and employees (including, but not limited

to, all employees or agents of Beverly Hills Properties) with respect to the Los Angeles County Residential Rental Properties.  For purposes of this Consent Order, the "Los Angeles County Residential Rental Properties" shall refer to the 119 buildings comprising approximately 5,706 dwelling units that Defendants currently own or manage, and any additional properties that Defendants otherwise acquire or manage, in Los Angeles County during the term of this Consent Order. The provisions of this Consent Order shall cease to apply to any Los Angeles County Residential Rental Property if Defendants sell or otherwise transfer a majority interest to a third party unaffiliated with any of the Defendants and Defendants cease to have management responsibilities in such property. Defendants shall provide to the United States, by facsimile and first class mail, written notice of its sale or transfer and the identity of the buyer or transferee.

## III.     GENERAL INJUNCTION

10.   Defendants, with respect to the Los Angeles County Residential Rental Properties, are hereby enjoined from:

a.     Refusing to rent a dwelling, refusing or failing to provide or offer information about a dwelling, or otherwise making unavailable or denying a dwelling to persons because of race, color, national origin or familial status;

b.     Discriminating against any person in the terms, conditions, or privileges of rental  of a dwelling or in the provision of services or facilities in connection therewith, including engaging in any harassment or intimidation, because of race, color, national origin or familial status;

c.     Making, printing, publishing, or causing to be made, printed or published, any notice, statement, or advertisement with respect to the rental of a dwelling that indicates any preference, limitation, or discrimination on the basis of race, color, national origin or familial status;

d.   Misrepresenting the availability of units based on race, color, national origin or familial status; and

e.   Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of any right protected by the FHA.

## IV.   AFFIRMATIVE RELIEF

11.   Application and Tenancy Procedures:  Defendants shall comply with the procedures contained in this Consent Order with respect to the rental of dwellings at the Los Angeles County Residential Rental Properties to ensure compliance with the FHA and to ensure that these dwellings are made available for rent on an equal basis and on the same terms and conditions for all persons, irrespective of race, color, national origin or familial status.

12.   Nondiscrimination Policy:  Within thirty (30) days of the entry of this Consent Order, Defendants shall submit their existing written Nondiscrimination Policy for approval to the United States[1].   Within fourteen (14) days of the United States' approval of the Nondiscrimination Policy, the Defendants shall distribute any modified Nondiscrimination Policy.  During the term of this Consent Order, if Defendants wish to modify or alter the Nondiscrimination Policy, they shall submit the proposed changes to counsel for the United States for review and approval.

13.   Uniform and Nondiscriminatory Procedures:  Within thirty (30) days of the entry of this Consent Order, Defendants shall submit for approval to the United States Uniform and Nondiscriminatory Procedures in connection with:

---

[1] For purposes of this Order, all submissions to the United States or its counsel should be submitted to:  Chief, Housing and Civil Enforcement Section, Civil Rights Division, United States Department of Justice, 950 Pennsylvania Avenue, N.W. - G Street, Washington, DC 20530. Attn. DJ # 175-12C-601.

a.      receiving, handling, processing, rejecting, and approving rental inquiries and applications made in-person, by telephone, by mail, or by other means;

b.      assigning prospective tenants to new units; and

c.      transferring existing tenants to different units.

Within fourteen (14) days of the United States' approval of the Uniform and Nondiscriminatory Procedures, Defendants shall implement such Uniform and Nondiscriminatory Procedures.  During the term of this Consent Order, if Defendants wish to modify or alter the Uniform and Nondiscriminatory Procedures, they shall submit the proposed changes to counsel for the United States for review and approval.  The Uniform and Nondiscriminatory Procedures shall be consistent with the practices and procedures outlined in paragraphs 14-18.

14.   Vacancy Reports:  Defendants shall maintain current, accurate vacancy reports of all dwellings available or expected to be available for rental within the next thirty (30) days ("Vacancy Report"), which include for each dwelling:

a.      The address, apartment number, and number of bedrooms;

b.      Whether the apartment is vacant and, if not, the date that the apartment is scheduled to be vacant; and

c.      Whether the apartment is available to be moved into and, if not, the date that it is expected to be available for move-in.

The Vacancy Report shall be updated at least weekly and shall bear the date it was issued or updated at the top.

15.   Inquiry Logs:  Within fifteen (15) days of the entry of this Consent Order, Defendants shall maintain Inquiry Logs and request all persons who visit to inquire about renting an apartment to sign the Inquiry Log, provide the date of their visit, their name, their address, their telephone numbers, and the date by when they wish to move.  Defendants shall note on the Inquiry Log the dwelling units the person was shown, if any, whether the person was given an application,

the name of the employee who attended to the individual inquiring about a dwelling unit, and whether the visitor was referred to any other properties owned or managed by Defendants.

16. <u>Wait Lists</u>:  As of the date of entry of this Consent Order, Defendants shall offer to any person that applies for an apartment or inquires about available apartments that they may be added to a Wait List for the type(s) of apartment the applicant is seeking.  Defendants shall maintain for a eight (8) week period Wait Lists at each apartment building containing the names of the individuals who wish to be included on the Wait List.  The Wait List shall also request information regarding the applicant's current address, telephone number, and the size of the dwelling unit the individual seeks.  Defendants shall also indicate, for each applicant, the time and date he or she was placed on the Wait List and the name of the employee who received the applicant's application.

17. <u>Rental Applications</u>:  Defendants shall write legibly on each rental application filled out by a prospective tenant the month, day, year, and time that Defendants received the application.  Defendants shall review the applications in the order in which they are received.  To the extent Defendants reject any application for housing, Defendants shall provide, either on the application or on an attachment to the application, a written explanation why the applicant was not offered a tenancy, any supporting documentation, and the name of the employee who made the decision.  Defendants shall attempt to notify such applicant of the rejection and the reason therefor.  Defendants shall permit all persons who inquire about renting a dwelling unit the opportunity to apply for an apartment.

18. <u>Information Provided to Prospective Applicants</u>:  Defendants shall advise all persons who inquire about renting a dwelling that they may receive an application to be filled out and, if an apartment of the type that the person requested is not available, they shall be informed of the opportunity to be placed on a Wait List.

The application shall inform all persons on each application that they will be treated equally, irrespective of race, color, national origin, or familial status.

**V.     EDUCATIONAL PROGRAM**

19.     Within one hundred and twenty (120) days of the entry of this Consent Order, all agents or employees of the Defendants who have responsibility for showing, renting, or managing dwellings at the Los Angeles County Residential Properties shall attend and complete a fair housing training program, approved by the United States, at the Defendants' expense.  The training shall be conducted by a qualified third party, (including but not limited to the Housing Rights Center), unconnected to Defendants or their employees or officers, agents, or counsel.  Defendants shall notify the United States of the name, address and professional background of the trainer that Defendants select at least thirty (30) days in advance of such training. The United States may reasonably object to the trainer within ten (10) days of receipt of the notice, in which case Defendants shall select an alternate trainer acceptable to the United States.  If no objection is received by the Defendants, the trainer so selected shall stand approved.

20.     The training shall include the following:

a.     Informing each individual of his or her duties and obligations under this Consent Order as well as under the FHA;

b.     Furnishing to each individual a copy of Defendants' Nondiscrimination Policy and Uniform and Nondiscriminatory Procedures identified in Paragraphs 12 and 13;

c.     Explaining how Defendants' policies and procedures are designed to ensure that racial discrimination, national origin discrimination, and familial status discrimination does not influence the process of providing rental information to persons who make inquiries, the timing of making decisions on rental applications, and the process of assigning applicants to units;

d. Conducting a question and answer session for purposes of reviewing items a through c above and confirming that all trainees understand items a through c above; and

e. Securing a signed certification in the form of the statement attached hereto as Appendix A-1, from each such individual indicating that he or she attended the training and has received, read, and understood Defendants' Nondiscrimination Policy and Uniform and Nondiscriminatory Procedures identified in Paragraphs 11 through 18.

21. During the period in which this Consent Order is in effect, within thirty (30) days of commencing an employment relationship, all employees of Beverly Hills Properties who have responsibility for showing, renting, or managing dwellings shall be given a copy of the written Nondiscrimination Policy and the Uniform and Nondiscriminatory Procedures, and shall be required to sign the statement appearing at Appendix A-2.

## VI. NOTIFICATION TO TENANTS AND PUBLIC

22. Defendants shall:

a. Post and prominently display a full size HUD fair housing poster, HUD Form 928.1, in a conspicuous location in or near the rental office or apartment or other location used as a rental office at each of the Los Angeles County Residential Rental Properties within thirty (30) days of the date of this Consent Order;

b. Include the phrase "Equal Housing Opportunity" or the fair housing logo in all rental advertising, including billboards, telephone directory listings, radio, television, or internet; and

c.     Include the following written statement on all Defendants' Rental Applications, Leases, Uniform and Nondiscriminatory Procedures, and Inquiry Logs:

> We are an equal opportunity housing provider.  We do not discriminate on the basis of race, color, national origin, familial status, religion, marital status, or disability.

## VII.  TESTING

23.    Defendants, in consultation with the United States, shall retain an independent company or organization ("Testing Contractor"), approved by the United States, to develop and implement a testing program to audit and monitor the Defendants' compliance with the Fair Housing Act and this Order.  The Testing Contractor must have experience in conducting paired testing for potential civil rights violations, including Fair Housing Act violations, and be wholly independent from the Defendants.  The testing program will consist of a total of 100 paired tests of Defendants' Properties in the first year of this Order, and 75 paired tests in the second and third years of the Order, for a total of 250 paired tests. Defendants shall bear all costs, fees, and expenses associated with the development and implementation of this testing program.  The tests shall be designed to determine whether Defendants are providing equal treatment to all prospective applicants for housing.

24.    Defendants shall enter into a contract with the Testing Contractor that is consistent with the terms of this Order within ninety (90) days after the entry of this Order.  The contract shall oblige the Testing Contractor to provide an adequate number of trained individuals to serve as testers to conduct the tests described in Paragraph 23.

25.    Test procedures developed by the Testing Contractor shall be submitted to the United States for approval prior to the beginning of the testing program.

26.　At no time shall any employee, agent or officer of Defendants be provided with any information concerning the location, procedure, or test plan prior to the completion of the test.  At no time shall the Testing Contractor disclose to any employee, agent, or officer of the Defendants the identities of individual testers, or any information that would reveal the identities of individual testers; this provision ensures that testers can continue to be used in compliance tests without compromising the integrity of the testing process.

27.　The results of all tests conducted by the Testing Contractor pursuant to this section, along with supporting documentation, shall be reported to Defendants and to the United States simultaneously within thirty (30) days of the conclusion of completed tests.  If the United States determines that testing results indicate a possible violation of this Order, it shall notify Defendants of its concerns, and, to the extent there is a dispute between the Parties as to whether or what corrective action is required, the Parties shall use the dispute resolution procedures described in paragraph 43.

28.　The United States may take steps to monitor Defendants' compliance with the Fair Housing Act and this Consent Order including, but not limited to, conducting fair housing tests at any dwelling in which any Defendant, now or in the future, has a direct or indirect ownership, management, or financial interest.

## VIII. RECORDKEEPING

29.　Throughout the duration of this Consent Order, Defendants shall preserve and maintain the following:

a.　Vacancy Reports;

b.　Inquiry Logs;

c.　Wait Lists;

d.　Rental Applications;

e.　Leases and Tenant Files;

f.　Nondiscrimination policies;

g.      Uniform Nondiscriminatory Procedures; and

h.      Tenant rules and regulations.

## IX.    REPORTING REQUIREMENTS

30.    Within one hundred twenty days (120) days of the entry of this Order, Defendants shall submit the following records to counsel for the United States:

a.      Copies of all written verifications of the training (see Appendix A) conducted pursuant to the requirements set forth above;

b.      Verification that the Los Angeles County Residential Rental Properties display the Fair Housing Poster as required by the terms enumerated above;

c.      Copies of any existing tenant rules and regulations;

d.      A copy of the form of all of the documents required in Paragraph 29.

31.    Beginning one (1) year after the entry of this Consent Order, and every one (1) year thereafter for the duration of this Consent Order, except for the final submission which shall be submitted two months before the termination of the Consent Order, Defendants shall deliver to counsel for the United States: copies of all written verifications of the training (see Appendix A) conducted pursuant to the requirements enumerated in Paragraph 21 since the last submission. Defendants shall also advise counsel for the United States, in writing, within thirty (30) days of receipt of any lawsuit or any administrative complaint (other than unlawful detainer complaints) against Defendants or against any of Defendants' employees, agents or residential rental properties or dwellings, regarding alleged discrimination based on race, color, national origin, or familial status.  This notification shall include a copy of the complaint (if possessed). Upon request by the United States, Defendants shall provide any and all records relating to such complaint.  Defendants shall also advise counsel for the United States, in writing, within fifteen (15) days of the resolution of any such complaint.

13

**X.      DAMAGES FOR AGGRIEVED PERSONS**

32.   Within thirty (30) days of the entry of this Order, the Defendants shall pay a total of $2,625,000, which together with the other terms of this Consent Order, shall constitute a full and final settlement of any and all claims alleged in the Actions.

33.   The payment of $2,625,000 ("Fund") shall be made to a third party settlement fund administrator selected by the United States ("Fund Administrator").  The Fund Administrator shall be responsible for disbursing funds in accordance with a separate order ("Disbursement Order") submitted by the United States and approved by the Court.  The Disbursement Order shall set forth the amounts to be paid to plaintiffs in these Actions and to other allegedly Aggrieved Persons identified in the Disbursement Order.  Defendants shall not have any right to object to the terms of the Disbursement Order.

34.   The fees of the Fund Administrator shall be paid from the Fund.

35.   Any interest accruing to the Fund shall become a part of the Fund and be utilized as set forth herein.

36.   Prior to receiving any payment from the Fund, the recipient shall execute a Release in the form attached as Appendix B for Aggrieved Persons. The parties to the Tyrrell Action will execute a mutual release. Defendants shall be provided with a copy of all executed Releases prior to distribution from the Fund to an aggrieved person or plaintiff.

37.   In the event that less than the total amount in the Fund including accrued interest is distributed to aggrieved persons, the remainder shall be distributed consistent with the terms of the Disbursement Order to a qualified organization(s) mutually agreed upon by the United States and Defendants, subject to the approval of the Court, for the purpose of conducting fair housing enforcement or educational activities in Los Angeles County, with a particular focus on the City of Los Angeles.

38.   Defendants shall permit the United States, upon reasonable notice, to review any relevant records that may facilitate its determinations regarding the claims of alleged aggrieved persons.

**XI.   CIVIL PENALTY**

39.   Defendants shall pay a total sum of $100,000 to the United States as a civil penalty pursuant to 42 U.S.C. § 3614(d)(1)(C).  Said sum shall be paid within thirty (30) days of the date of entry of this Order by submitting a check to counsel for the United States made payable to the United States of America.

40.   By consenting to entry of this Consent Order, the United States and Defendants agree that in the event Defendants engage in any future violation(s) of the Fair Housing Act in any rental or management capacity beginning after entry of the Consent Order, such violation(s) shall constitute a "subsequent violation" pursuant to 42 U.S.C. § 3614(d)(1)(C)(ii).

**XII.   DURATION AND ENFORCEMENT OF CONSENT ORDER**

41.   This Consent Order shall remain in effect for three (3) years from the date of the entry of this Consent Order.

42.   All claims and counterclaims of all Parties shall be dismissed with prejudice, except that the Court shall retain jurisdiction over the Parties for the duration of this Consent Order to enforce the terms of the Consent Order.

43.   The United States and Defendants shall employ their best efforts to resolve any differences that arise in the implementation or interpretation of this Consent Order.  If either party believes that the other party has violated this Consent Order, the non-breaching party shall give written notice to the other party of the alleged violation.  The Parties shall meet and confer in an effort to resolve the alleged violation.  In the event that such meet and confer efforts fail, either party may bring the matter to the Court's attention for resolution.  In the event of a failure by either party to perform in a timely manner any act required by this Order or otherwise to act in conformance with any provision thereof, the non-

1  breaching party may move this Court to impose any remedy authorized by law or
2  equity which may have been occasioned by either party's violation or failure to
3  perform.

4  44.   The United States may move the Court to extend the duration of the Consent
5  Order in the interests of justice.

6  **XIII.  TIME FOR PERFORMANCE**

7  45.   Any time limits for performance imposed by this Consent Order may be extended
8  by the mutual written agreement of the Parties.

9  **XIV.  COSTS OF LITIGATION**

10  46.   Each party to this Consent Order shall bear its own costs and attorneys' fees
11  associated with this litigation.

12

13  **ORDERED** this 12 day of November, 2009:

14

15  _____

16  HONORABLE DALE S. FISCHER
   UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

**SIGNATURE OF THE PARTIES**

The Parties consent to the entry of this Consent Order as indicated by the signatures of counsel below:

For the United States Department of Justice:

on _____, 2009, by:

GEORGE S. CARDONA                    THOMAS E. PEREZ
Acting United States Attorney        Assistant Attorney General
Central District of California       Civil Rights Division


_____

LEON W. WEIDMAN                      STEVEN H. ROSENBAUM
Chief, Civil Division                Chief
KEVIN B. FINN                        TIMOTHY J. MORAN
Assistant United States Attorney     Deputy Chief
Calf. Bar No. 128072                 JULIE J. ALLEN
Federal Building, Suite 7516         R. TAMAR HAGLER
300 N. Los Angeles Street            ANDREA K. STEINACKER
Los Angeles, CA 90012                CHRISTOPHER J. FREGIATO
Fax: (213) 894-7327                  JENNIFER L. MARANZANO
                                     LUCY G. CARLSON
                                     Attorneys
                                     Housing and Civil Enforcement Section
                                     Civil Rights Division
                                     U.S. Department of Justice
                                     950 Pennsylvania Ave., N.W. - G St.
                                     Washington, D.C. 20530
                                     Phone:  (202) 514-4713
                                     Fax:  (202) 514-1116

1 | FOR THE TYRRELLS:

2 | on _____, 2009, by:

3

4

5 | _____

6 | Christopher Brancart
Elizabeth Brancart

7 | Brancart & Brancart
Post Office Box 686

8 | Pescadero, CA 94060

9 | cbrancart@brancart.com
Tel:   (650) 879-0141

10 | Fax:   (650) 879-1103

11

12

13 | FOR THE RHODES:

14 | on _____, 2009, by:

15

16

17 | _____
Paul J. Estuar

18 | Litt, Estuar, Harrison & Kitson, LLP
1055 Wilshire Boulevard, Suite 1880

19 | Los Angeles, CA 90017

20 | rsobie@littlaw.com
Tel:   (213) 386-3114

21 | Fax:   (213) 386-4585

22

23

24

25

26

27

28

1

2   FOR DEFENDANTS:

3

4

5

6

7

8   _____   _____
    Robert H. Platt                  Date
9   Ileana M. Hernandez
    Manatt, Phelps & Phillips, LLP
10  11355 West Olympic Boulevard
11  Los Angeles, CA 90064
    rplatt@manatt.com
12  Tel:  (310) 312-4221
    Fax:  (310) 312-4224
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **<u>APPENDIX A-1</u>**

**Certification of Fair Housing Training Attendance And Acknowledgment of Receipt of Nondiscrimination Policy and Uniform and Nondiscriminatory Procedures**

I certify that I attended fair housing training on [Insert Date]. I attended the full training course provided on that date.

I also certify that I have received, read, and understood Beverly Hills Properties' Nondiscrimination Policy and Uniform and Nondiscriminatory Procedures.

Trainer's Name:  _____
Trainer's Signature:  _____

_____
(Trainee's Signature)

_____
(Print name)

_____
(Trainee's Position)

_____
(Date)

20

## APPENDIX A-2

### Acknowledgment of Receipt of Nondiscrimination Policy
### and Uniform and Nondiscriminatory Procedures

I certify that I have received, read, and understood Beverly Hills Properties' Nondiscrimination Policy and Uniform and Nondiscriminatory Procedures.

_____
(Signature)

_____
(Print name)

_____
(Position)

_____
(Date)

# **APPENDIX B**

## **Release of Claims**

That for and in consideration of the payment of _____ ($_____), and pursuant to the terms of the stipulated Consent Order between the parties to the action set forth below (the "Consent Order"), _____ ("Releasor"), on behalf of himself/herself hereby acknowledges full accord, satisfaction, and settlement of any and all actions, causes of action, damages or claims of damage of every character whatsoever, known or unknown, arising out of the facts and allegations contained in the pleadings of *United States of America v. Donald Sterling*, *et al.*, Case No. 06-4885 DSF (Ex), in the United States District Court for the Central District of California (hereinafter "this action").

Subject to the terms of the Consent Order, I hereby satisfy and settle the aforesaid claims and hereby satisfy, release, and forever discharge Donald Sterling, Rochelle Sterling, the Sterling Family Trust, and the Korean Land Company, their past, present and future heirs, administrators, executors, assigns, employees, and agents ("Defendants") from any and all actions, causes of action, damages, or claims of damage of every character whatsoever which I have or may claim or could have claimed to have against Defendants, from the beginning of the World through and including the date of this Release, arising out of the facts and allegations contained in this action.

The Parties intend this Release to be as broad as possible and to include all present, past or future claims against Defendants for any and all actual compensatory, punitive, statutory, or any other damages, including attorneys' fees, costs, and expenses in any way arising or connected with claims of housing discrimination against Defendants that accrued prior to the date of this Order.

This settlement is intended to and does cover, but is not limited to, medical as well as all other expenses, including but not limited to, pain and suffering, emotional distress, relocation expenses, lost wages, lost earning capacity, loss of services, and any and all other and further claims arising out of the facts and allegations contained in this action from the beginning of the World through and including the date of this Release. Said sum is also paid and received subject to the terms of the Consent Order, and in full and final settlement of the causes of action set forth in this action. I acknowledge and understand that, by signing this Release and accepting this payment, I am waiving any right to pursue my own legal action based on the discrimination alleged by the United States in this case. The undersigned declares that the terms of this Release have been agreed to voluntarily for the purpose of making full and final compromise, adjustment, and settlement of any and all claims, disputed or otherwise, on the account of the injury or damages noted above and for the expressed purposes of precluding, forever, any further additional claims against Defendants arising out of the matters alleged in this

Action from the beginning of the World through and including the date of this Release.

I also acknowledge that I am familiar with the provisions of California Civil Code Section 1542 and expressly agree that the release set forth above constitutes a waiver and release of any rights or benefits that may arise thereunder, to the full extent that such rights or benefits may be waived.  Section 1542 of the California Civil Code provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS/HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM/HER MUST HAVE MATERIALLY AFFECTED HIS/HER SETTLEMENT WITH THE DEBTOR.

Thus, notwithstanding the provisions of Section 1542, and for the purpose of implementing a full and complete release and discharge of all claims arising out of this action, I expressly acknowledge that this Release is also intended to include in its effect, without limitation, all claims arising out of this action which I do not know or expect to exist in my favor at the time of execution hereof, and that this Release contemplates the extinguishment of any such claim or claims.

I further acknowledge that I have been informed that I may review the terms of this Release with an attorney of my choosing, and to the extent that I have not obtained that legal advice, I voluntarily and knowingly waive my right to do so.

I have read this Release, and acknowledge that I understood it fully and sign it voluntarily.

_____
Signature

_____
Print Name

_____
Date